## Case No. 8,210.

### LEGER v. RICE.

[28 Leg. Int. 309; 8 Phila. 167; 4 Chi. Leg. News, 7.]

Circuit Court, E. D. Pennsylvania. Sept. 28, 1871.

CONSTITUTIONAL LAW—OBLIGATION OF CONTRACTS—DEDICATION—LEGISLATIVE POWER—ACT CONTAINING MORE THAN ONE SUBJECT.

[1. A plot of ground in Philadelphia was dedicated by William Penn to general public use. Subsequently the legislature of Pennsylvania modified the beneficial use of the plot, and provided for the building thereon of municipal buildings. It was claimed that this act violated the constitutions of the United States and of Pennsylvania prohibiting acts impairing the obligation of contracts. Held, that the dedication to general public use did not preclude such legislation.]

[2. The mere abuse of constitutional power by the legislature is a subject for legislative repeal, and not for judicial redress.]

[3. The general allotment of a plot of ground for certain municipal purposes, subject to a vote of selection by the voters of this city, does not render void the act so allotting, because other provisions of the act take immediate effect.]

[4. The constitution of Pennsylvania prohibits the enactment of a law containing more than one subject, and requires that subject to be clearly expressed in the title thereof. Quaere, whether

[an act involving alternatives, mutually dependent, whose title specifies all the purposes except one, and that consequential, is unconstitutional.]

[This was a bill in equity, filed by Henry Leger, a citizen of the state of New York, against John Rice, Theodore Cuyler, Samuel C. Perkins, John Price Wetherill, Lewis C. Cassidy, Henry M. Phillips, William S. Stakeley, Henry W. Gray, Daniel M. Fox, Samuel W. Cattell, Henry Huhn, citizens of Pennsylvania, asking for an injunction against the defendants to restrain them from proceeding in any manner in the construction of certain public buildings in the city of Philadelphia by virtue of an alleged authority contained in an act of assembly of Pennsylvania approved August 5, 1870 (P. L. 1871, p. 1548), and also asking that said act be declared unconstitutional and void.

[The said act provided, according to its title, "for the erection of all the public buildings required to accommodate the courts, and for all municipal purposes in the city of Philadelphia and to require the appropriation by said city of Penn Square, at Broad and Market streets, to certain institutions (such as the Academy of Fine Arts. Franklin Institute, etc.), in the event of said square not being selected by a vote of the people as a site for said buildings."

[The act designated the defendants to be commissioners for the erection of said buildings, giving them power to fix the compensation of employés, elect their own members to fill vacancies, to erect buildings upon either Washington or Penn Squares, as determined by the vote of the citizens, held at an election authorized by the act of March 30, 1870 (P. L. 1870, p. 677), which act provided that the citizens of Philadelphia county should by ballot express their preference for a site for public buildings in said city, provided, however, that the buildings should not be placed in Independence Square.

[The said commissioners were also empowered to make requisitions upon councils for funds, and at the proper time remove certain buildings from Independence Square.

[It was alleged that said act was unconstitutional, because it contained three distinct subjects, the second of which was not mentioned in its title, viz.: (1) The construction of public buildings by the commissioners on either Penn or Washington Squares; (2) the removal of buildings on Independence Square; (3) the contingent donations of Penn Square to four private corporations.

[Also because the legislature had delegated to the voters of Philadelphia the power to legislate upon the question whether certain real estate, of great value, and theretofore used for public purposes by prescription, should be given away to certain private corporations, in violation of the constitution of the United States and that of Pennsylvania.]

CADWALADER, District Judge. Constitutional power, and especially legislative power, may be greatly abused, where it is neither usurped nor exceeded. In such a case the only remedy is legislative appeal. Judicial redress cannot be invoked. The constitutionality of the act of the legislature is disputed on the grounds that: (1) It is a violation of the constitutional amendment of 1864, which prohibits the enactment of a law containing more than one subject, and requires that that subject be clearly expressed in the title. (2) It violates the provisions of the constitution of the United States prohibiting state legislation impairing the obligation of contracts, and the provision of the constitution of the state in nearly the same words. The provision for what was to have been done if Washington Square had been selected by a majority of votes for the location of the buildings, was, in effect, a delegation of legislative power.

First. On the first point it suffices to observe, that the subject was a compound one involving alternatives mutually dependent or consequential. The title specifies all the purposes of the act except one, which is directly consequential. If such a law is unconstitutional, the question is not so clear that it should be decided by a single judge at an interlocutory hearing.

Second. The argument under the second head is that Penn Square having been dedicated by Mr. Penn, the former proprietary, to general public use, the legislature could not constitutionally modify the grant. The proprietary certainly could not have resumed, abrogated, or modified it. Under the frame of government of 1701 all powers of legislation were vested in the provincial assembly. That body could, I think, have modified the beneficial use by such an act as that in question. The argument is, that under the constitution the legislature of the state could not do so. I am of a different opinion. The dedication to public use did not preclude such legislation. Whatever may have been decided in one or two other states, neither the decisions of the supreme court of the United States, nor those of the supreme court of Pennsylvania support the argument.

Third. As the contingency of the selection of Washington Square did not become absolute, the argument that it was inseparably connected with the legislative provisions which took effect is a very refined one, perhaps too refined. I am, however, of the opinion that the question of the allotment of Penn Square to the purposes contingently specified in the act was not unconstitutionally left to a local vote.

---

LEGG (DEAN v.). See Case No. 3.709.

LEGG (SIMPSON v.). See Case No. 12,883.